IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORGE ALEJANDRO ROJAS,<br><br>                            Plaintiff,<br><br>    v.<br><br>RACHEL F. VENTURA,<br><br>                           Defendant. | No. 25 CV 4643<br><br>The Honorable John F. Kness |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S**
<u>**MOTION TO DISMISS**</u>

Defendant State Senator Rachel F. Ventura, by her attorney, Kwame Raoul, Attorney General of Illinois, moves to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support, Senator Ventura states the following:

**INTRODUCTION**

*Pro se* Plaintiff Jorge Alejandro Rojas alleges that Senator Ventura violated section 227(b)(1) of the Telephone Consumer Protection Act (TCPA) (47 U.S.C. §227(b)(1)) by initiating a pre-recorded call made to inform him about an upcoming telephone town hall meeting to discuss issues facing the community. (Pl.'s Compl. at 6, ECF 1; Def.'s Mot. Dismiss Ex. 1.) Plaintiff's complaint should be dismissed because Senator Ventura is not a "person" under the TCPA, the Eleventh Amendment bars the claim, and Senator Ventura is entitled to absolute legislative immunity. Moreover, Senator Ventura is entitled to qualified immunity because there is no clearly established law applying the TCPA to state officials in these circumstances.

**LEGAL STANDARDS**

Motions to dismiss based on the Eleventh Amendment of the United States Constitution may be brought under Rule 12(b)(1) since a district court lacks jurisdiction when its immunity applies. *McHugh v. Ill. DOT*, 55 F.4th 529, 533 (7th Cir. 2022). Rule 12(b)(1) requires the Court to dismiss any claim over which it lacks subject matter jurisdiction. If a defendant challenges jurisdiction, the plaintiff bears the burden of establishing that the jurisdictional requirements have been met. *Center for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). A motion to dismiss for lack of subject matter jurisdiction presents a threshold question concerning the court's power over a claim, and a federal court must assure itself that it possesses subject matter jurisdiction over a case before it proceeds to the merits. *See Cook v. Winfrey*, 141 F.3d 322, 325 (7th Cir. 1998).

Immunity defenses, such as legislative immunity and qualified immunity, do not pertain to the court's jurisdiction. *Nevada v. Hicks*, 533 U.S. 353, 373 (2001). Rather, when an affirmative defense is clear from the face of the complaint, the court may dismiss under Rule 12(b)(6). *Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822 (7th Cir. 2024).

The Court must accept as true all well-pleaded factual allegations when evaluating a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 679. However, this tenet does not apply to legal conclusions and threadbare recitals of a cause of action's elements, support by mere conclusory statements, do not suffice. *Id*. at 678. A Rule 12(b)(6) motion may rely on the complaint, its attachments, documents referenced and integral to the complaint, and matters subject to judicial notice. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). When "the face of the complaint 'admits all the ingredients of an impenetrable defense,' the plaintiff has pleaded himself out of court, and the district court may dismiss for failure to state a claim under Rule

12(b)(6)." *Holmes*, 141 F.4th at 822 (quoting *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004).

## ARGUMENT

I. **Plaintiff has failed to state a claim because Senator Ventura is not a "person" under the TCPA.**

Senator Ventura is not a person under the TCPA because the statutory definition does not include the state or state officials. In interpreting a statute, courts start with the text of the statute to ascertain its plain meaning. *United States v. Melvin*, 948, F.3d 848, 851 (7th Cir. 2020). In determining the plain meaning, courts look at the specific language at issue as well as the statute as a whole. *Id.* at 852. Where a statute provides definitions, those definitions control. *Id.* Courts also read the statutory terms in light of the purpose of the statute. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953 (9th Cir. 2009).

The Communications Act, which includes the TCPA, states that "[t]he term 'person' includes an individual, partnership, association, joint-stock company, trust, or corporation." 47 U.S.C. § 153(39). The Supreme Court has held that there is a longstanding interpretive presumption that "person" does not include the sovereign; that presumption is particularly applicable where a plaintiff claims that Congress has subjected the States to liability to which they had not been subject before. *Vt. Agency of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 780-81 (2000).

Plaintiff claims to sue Senator Ventura in her individual rather than official capacity. (Compl. at 2.) However, this allegation is immaterial for this Court's determination of whether Senator Ventura is a "person" under the TCPA. Plaintiff's reliance on Section 1983

jurisprudence is misplaced.[1] Unlike the TCPA, Section 1983 includes the phrase "acting under color of state law." *Compare* 42 U.S.C. § 1983 *with* 47 U.S.C. § 153(39). The Supreme Court reasoned that by requiring "action under color of state law," Congress intended to hold state officials liable because of actions taken through their official authority. *Hafer v. Melo*, 502 U.S. 21, 28 (1991). In contrast, the TCPA does not include the phrase "acting under color of state law" and it expressly defines the term "person." Notably absent from that definition are states and state officials. *See* 47 U.S.C. § 153(39).

Furthermore, the TCPA's exclusion of states and state officials from the definition of "person" coincides with Congress's intended purpose in enacting the TCPA. "The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of *telemarketing calls*." *Satterfield*, 569 F.3d at 954 (emphasis added). Put simply, the TCPA was enacted to protect consumers against automated phone calls intended to facilitate commerce. *Id*. Consistent with this purpose, the TCPA defines a "person" as either an individual or business entity. *See* 47 U.S.C. § 153(39). The TCPA excludes the federal government, the state and federal and state officials from that definition because Congress did not intend for the TCPA to be wielded against governments in the exercise of legitimate government functions. Rather, the TCPA was only intended to protect consumers against unsolicited automated marketing of consumer goods or services. Applying these principles, the Ninth Circuit has held that the TCPA does not apply to federal legislators conducting telephone town halls, *see Cheng v. Speier*, No. 22-16170, 2023 U.S. App. LEXIS 17747 **1-2 (9th Cir. July 12, 2023), and the

---

[1] In the joint status report, Plaintiff again asserted that he sued Senator Ventura in her individual capacity and referenced *Perrong v. Bradford*, No. 2:23-cv-00510-JDW, 2024 U.S. Dist. LEXIS 85673 (E.D. Pa. May 13, 2024). But as discussed below, *Perrong*'s reliance on Section 1983 concepts in relation to the TCPA is misguided. *Perrong* has also been appealed, and the Third Circuit held oral argument on May 22, 2025. *See Perrong v. Bradford*, No. 24-1925 (3d Cir.).

Federal Commerce Commission has held that state government callers in the conduct of official business are not "persons" under the TCPA. *See In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 35 F.C.C. Rcd. 15052, *15059 (2020).

Here, Senator Ventura's communication was used to conduct the official state business of holding a telephone town hall for constituents to discuss issues facing the community. *See Cheng*, 2023 U.S. App. LEXIS 17747 **1-2 (finding that conducting a telephone town hall constituted official government business). Accordingly, this Court should rule consistently with *Vermont Agency* and hold that Senator Ventura is not a "person" under the TCPA because the statutory definition does not include the State or state officials conducting official business. For the reasons stated below in Section II of this motion, a judgment against Senator Ventura would operate as a judgment against the State. Thus, Plaintiff has also failed to state a claim for relief under the TCPA because the State is not a "person" under the TCPA.

## II. Plaintiff's claim against Senator Ventura is barred by the Eleventh Amendment.

Plaintiffs' claim against Senator Ventura is barred by the Eleventh Amendment because the State of Illinois is the real party of interest. The Eleventh Amendment bars actions against states in federal courts. *Seminole Tribe v. Fla*, 517 U.S. 44, 54 (1996). The State is the real party of interest if *a judgment sought would interfere with public administration*. *Waterfront Comm'n of N.Y. Harbor v. Governor of N.J.*, 961 F.3d 234, 239 (3d Cir. 2020) (emphasis added).

Here, the State of Illinois is the real party of interest in this suit. A judgment against Senator Ventura would interfere with public administration by forcing state governments to stop using automated telephone services to carry out legitimate and important official business such as telephone town halls which not only inform constituents of ongoing issues facing the community but also provide officials with sufficient feedback and information to better make

5

decisions to serve their communities. Accordingly, this action is barred by the Eleventh Amendment and should be dismissed.

### III. Plaintiff's claim against Senator Ventura is barred by absolute legislative immunity.

Senator Ventura is entitled to absolute legislative immunity because a townhall is an integral step in and facilities the legislative process by enabling legislators to better understand and address the issues facing their constituents.

The doctrine of legislative immunity restricts the ability of individuals to bring private civil suits against legislators for damages or injunctive relief. *See Reeder v. Madigan*, 780 F.3d 799, 802 (7th Cir. 2015). An inquiry into the nature of legislative activity is a functional one. *Id*. The "functional" approach focuses on the nature of the functions lawfully entrusted to an official and the effect that exposure to liability would likely have on the appropriate exercise of those functions. *Rateree v. Rockett*, 852 F.2d 946, 950 (7th Cir. 1988). Whether certain actions are legislative depends on their nature rather than the motive or intent of the official performing them. *Bagley v. Blagojevich*, 646 F.3d 378, 391 (7th Cir. 2011). Legislative immunity extends beyond mere discussion or speechmaking on the legislative floor—the protection applies to all of the legislator's actions within the "sphere of legitimate legislative activity." *Id.*

"Courts have granted absolute legislative immunity to legislators for various activities which include: (1) core legislative acts such as introducing, debating, and voting on legislation; (2) activities that could not give rise to liability without inquiry into legislative acts and the motives behind them; and (3) activities essential to facilitating or preventing the core legislative process." *Iglesia De La Biblia Abierta v. Banks*, 129 F.3d 899, 903 (7th Cir. 1997). In determining whether the actions performed relate to a legislative function, courts determine whether they were integral steps in the legislative process. *Bogan v. Scott-Harris*, 523 U.S. 44, 55 (1998).

Here, holding a telephone town hall with constituents is an integral step in the legislative process because it helps legislators understand the issues important to their constituents so that they can better facilitate legislation to address those issues. *Cf. Cheng*, 2023 U.S. App. LEXIS 17747 **1-2 (finding that conducting a telephone town hall constituted official government business). Again, the inquiry into whether an action is legislative is a functional one. *Rateree*, 852 F.2d at 950. The court should focus on the nature of the act (i.e. holding a town hall) and not the act itself (i.e. initiating a pre-recorded call). Accordingly, since the function of the call was to hold a telephone town hall to better address the issue facing her constituents, Senator Ventura's action was legislative and entitled to absolute immunity.

**IV.     Plaintiff's claim against Senator Ventura is barred by qualified immunity.**

Finally, Senator Ventura is entitled to qualified immunity because there is no clearly established law holding that a state official violates the TCPA when using a robocall to conduct a telephone town hall. "Qualified immunity protects government officials from civil damages liability when their conduct does not violate 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Stinson v. Gauger*, 868 F.3d 516, 522 (7th Cir. 2017) "Qualified immunity is an immunity from suit and not just a defense to liability." *Id*. at 522-23. Generally, precedent from the Supreme Court, the applicable circuit court, or the highest court in the state is necessary to determine whether a right has been clearly established. *Barrios v. City of Chi.*, No. 15 C 2648, 2016 U.S. Dist. LEXIS 4951 **45-46 (N.D. Ill. Jan 14, 2016). However, in the absence of binding precedent, courts will consider whether there was substantial consensus of opinion that the act violated a right. *Id*. at *46.

Here, for the reasons articulated in Section I of this motion, Senator Ventura did not violate the TCPA because a state official is not a "person" under the TCPA. Moreover, there is no clearly established law holding that a state official violates the TCPA by holding a telephone

7

town hall. There are no Seventh Circuit cases establishing such a precedent. Furthermore, even outside the Seventh Circuit, there is no consensus that a state official holding a telephone town hall violates the TCPA. While the Eastern District of Pennsylvania recently held a state legislator is a "person" under the TCPA, *see Perrong*, 2024 U.S. Dist. LEXIS 85673 at *13, a single district court case cannot clearly establish the law. *See Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir. 1995). And as discussed above, the Ninth Circuit and the Federal Commerce Commission have concluded that federal and state legislators conducting telephone town halls do *not* violate the TCPA. *See Cheng*, 2023 U.S. App. LEXIS 17747 at **1-2; *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 35 F.C.C. Rcd. at *15059. Additionally, once the defendant asserts qualified immunity, it is plaintiff's burden to establish that the right was clearly established. *Boyd v. Owen*, 481, F.3d 520, 527 (7th Cir. 2007). Plaintiff cannot establish that here. Accordingly, Senator Ventura is entitled to qualified immunity, and this Court should dismiss the claim against her for this reason as well.

## CONCLUSION

For these reasons, this court should dismiss this action with prejudice.

Dated: August 21, 2025

Connor Q Hollander (IL 6340821)
Assistant Attorney General
Office of the Illinois Attorney General
Government Representation Division
General Law Bureau
115 South LaSalle Street
Chicago, Illinois 60603
(312) 814-2762
connor.hollander@ilag.gov

Respectfully submitted,

KWAME RAOUL
Attorney General of Illinois

s/ Connor Q Hollander
Assistant Attorney General